**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-25966-RAR**

**ROCHA VARGAS**,

      Plaintiff,

v.

**MIAMI FEDERAL DETENTION
CENTER**, *ROGER MORRIS in
his official capacity*, *et al*.,

      Defendants.

_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus

and Request for Order to Show Cause ("Petition"), [ECF No. 1], filed on December 19, 2025.

Petitioner Rocha Vegas ("Petitioner") brings the Petition pursuant to 28 U.S.C. § 2241.  Petitioner

alleges that he has been unlawfully committed to detention in the Federal Detention Center in

Miami, Florida, and seeks that the Court order his immediate release.  *See* Pet., [ECF No. 1] ¶ 2.

In his Petition, in addition to asking this Court to assume jurisdiction over the matter, issue a writ

of habeas corpus, and declare that Petitioner's detention is unlawful, Petitioner asks this Court to

"[o]rder that Petitioner shall not be transferred outside the Southern District of Florida while this

habeas petition is pending" and to "[i]ssue an Order to Show Cause ordering Respondents to show

cause why this Petition should not be granted within three days[.]"  *See* Petition, Prayer for Relief.

Under Section 2241, district courts may grant a writ of habeas corpus to a prisoner who

"is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C.

§ 2241(a), (c)(3); *see also Medberry v. Crosby*, 351 F.3d 1049, 1055 (11th Cir. 2003).  The

Eleventh Circuit has made clear that "the petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment."  *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)).  "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  *See* 28 U.S.C. § 2243.  The "order to show cause shall be directed to the person having custody of the person detained [and] shall be returned within three days[.]"  *Id*.

The Court having carefully reviewed the Petition, and being otherwise fully advised, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  Within **three (3) days** of service of the Petition,[1] Respondents shall file a memorandum of fact and law ("Response") to show cause why the Petition should not be granted and shall file all documents and transcripts necessary for resolution of the Petition.  *See* 28 U.S.C. § 2243 (requiring that a show cause response "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").  Respondent shall include all records bearing upon the "true cause of the [petitioner's] detention."  28 U.S.C. § 2243.

2.  Counsel for Respondents is instructed to caption this response as "Response" and not "Motion to Dismiss."

3. Petitioner may, but is not required to, file a reply within **three (3) days** after Respondents file their response to the Petition.  Any such reply shall not exceed ten (10) pages. *See* S.D. Fla. L.R. 7.1(c).

---

[1]  Once service has been effectuated, Petitioner is directed to file a Certificate of Service on the public docket.

4. Respondents shall refrain from transferring Petitioner out of the jurisdiction of this Court during the pendency of this proceeding and while the Petitioner remains in the Respondents' custody.

**DONE AND ORDERED** in Miami, Florida, this 19th day of December, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**